**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TRANQUILINO VALENCIA,

    Plaintiff,

v.                                                    No. 14-cv-0749 MCA/SMV

LORENZO SILVA, FNU ZALMORA,
JOHN DOES I–II, JANE DOE, and
TAOS COUNTY ADULT DETENTION CENTER,

    Defendants.

**ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Plaintiff's untitled letter [Doc. 17], filed on September 4, 2014. Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action. Plaintiff explains that he cannot afford an attorney and asks for direction about how he can receive help from a lawyer. [Doc. 17].

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that

1

there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

On August 21, 2014, the Court denied Plaintiff's first motion for appointment of counsel because it was not convinced that there was sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. [Doc. 7]. Moreover, the Court found that Plaintiff had been adequately presenting his claims. *Id.* To the extent that Plaintiff is again moving for appointment of counsel, the request will be denied. Plaintiff presents no new reasons for the Court to request voluntary appointment of counsel, and the Court sees none.

To the extent that Plaintiff requests assistance in finding an attorney on his own, the Court will direct the Clerk to mail to Plaintiff a copy of the Guide for Pro Se Litigants, which contains resources for legal representation.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's second request for appointment of counsel [Doc. 17] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk mail to Plaintiff a copy of the Guide for Pro Se Litigants.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**